**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 15-52314 |
| | : | |
| Jerome E. Tuff | : | Chapter 13 Proceeding |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

**TRUSTEE'S MOTION TO DISMISS WITH PREJUDICE**

Now comes Frank M. Pees, standing Chapter 13 Trustee, and hereby files this Motion to

Dismiss with prejudice pursuant to 11 U.S.C. §§1307(c) and 109(g) and Fed. R. Bankr. P. 1017.

The reasons for the Trustee's Motion to Dismiss with Prejudice are set forth below.

**MEMORANDUM**

Jerome E. Tuff ("Debtor") filed this Chapter 13 case *pro se* on April 20, 2015.  This is

Debtor's fifth overall bankruptcy and Debtor's fourth bankruptcy filing in the last thirty-six (36)

months. Debtor's previous bankruptcies were disposed of as follows:

**07-57062 (Chapter 13): Debtor's case was filed by Attorney Marshall Cohen on September 6, 2007.  Case was dismissed as Debtor's plan was not in a posture for confirmation at the reset confirmation hearing of February 7, 2008.  At the time of dismissal, Debtor had failed to tender all payments to the Chapter 13 Trustee.**

**12-53391 (Chapter 13):  Debtor's case was by Attorney Mark Jump on April 19, 2012.  Case was dismissed as Debtor's plan was not in a posture for confirmation at the reset confirmation hearing of October 4, 2012.  At the time of dismissal, Debtor was $4,500 delinquent in plan funding.**

**12-59125 (Chapter 13):  Debtor's case was by Attorney Mark Jump on October 23, 2012.  Case was dismissed for arrears on June 27, 2013.  Debtor failed to tender any plan payments to the Chapter 13 Trustee following the confirmation of his plan.**

**14-54074 (Chapter 13):  Debtor's case was filed pro se on June 4, 2014.  Debtor's case was automatically dismissed on July 14, 2014 because Debtor failed to pay his filing fee.  At the time of the dismissal, a Motion to Dismiss filed by the Trustee for Debtor's failure to file a plan or schedules was pending.**

1

As shown above, three of Debtor's four previous bankruptcies were dismissed prior to confirmation.   In the fourth bankruptcy (Case No.: 12-59125), Debtor failed to tender any payments to the Trustee following the confirmation of his plan.   Debtor's most recent Chapter 13 case was dismissed for a failure to pay his filing fee installment payments.   In each of Debtor's previous cases, Debtor failed to tender all pre-confirmation plan payments to the Trustee.

In the present case, Debtor has failed to file complete or a Chapter 13 Plan within fourteen days of the filing of the petition as required by 11 U.S.C. §521(i)(1), Fed. R. Bankr. P. 1007 and 3015, and Local Bankr. Rule 3015-1.  Debtor did not seek an extension of this deadline within the originally prescribed time.  Further, as of the date of this Motion, Debtor has not tendered a payment to the Chapter 13 Trustee.

Debtor's repeated filings and failure to file required documents constitute a lack of good faith and abuse of the bankruptcy process.  Section 1307(c) of the Bankruptcy Code provides that a Chapter 13 case may be dismissed "for cause."  Also, Section 109(g) of the Bankruptcy Code prohibits an individual from being a debtor under Title 11 if in the preceding 180 days the individual was a debtor in a case that was "dismissed by the court for willful failure of the debtor to abide by orders of the court, or to appear before the court in proper prosecution of the case …."   A dismissal with prejudice under 11 U.S.C. §109(g) prohibits a debtor from filing a case under Title 11 for 180 days.

"The filing of multiple cases absent changed circumstances is an abuse of the bankruptcy process from which a court may infer a willful failure to abide by orders of the court."  In re Wellman, 2006 Bankr. LEXIS 86 (BAP 6th Cir., 2006), citing,  Casse v. Key Bank Nat'l Assoc. (In re Casse), 198 F.3d 327 (2d Cir. 1999); Tolbert v. Fink (In re Tolbert), 255 B.R. 214 (B.A.P. 8th Cir. 2000), aff'd, 14 Fed. Appx. 735 (8th Cir. 2001).

Furthermore, the failure of a debtor to propose a plan in good faith, as required for confirmation of a plan under 11 U.S.C. §1325(a)(3), may be grounds for dismissal of a case under 11 U.S.C. §1307.   In this Circuit, courts review the totality of the circumstances to determine a debtor's lack of good faith.  Metro Employees Credit Union v. Okoreeh-Baah (In re Okoreeh-Baah), 836 F.2d 1030 (6th Cir. 1988); See, also, In re Henry, 328 Bankr. 529 (Bankr. S.D.Ohio 2004).   Included within the 12 factors listed in Okoreeh-Baah are the frequency with which the debtor has sought relief under Title 11, the motivations and sincerity of a debtor in proposing a plan, and the proposed length and feasibility of the plan.  Okoreeh-Baah, 836 F.2d at 1032.

As stated above, Debtor has filed five bankruptcies, four of which have been filed in the last thirty-six (36) months.   Three of Debtor's previous four Chapter 13 cases were dismissed prior to confirmation.   Debtor's most recent bankruptcy was dismissed because Debtor failed to file necessary documents with the Court.   Further, in each of his previous cases, Debtor failed to remain current in his Chapter 13 plan funding.   In this case, Debtor has, once again, failed to file Chapter 13 plan.   It is the Trustee's position that Debtor is not filing his bankruptcies in good faith.

**[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]**

Wherefore, the Trustee moves that this case be dismissed <u>with prejudice</u> pursuant to 11

U.S.C. §§1307 and 109(g) for want of prosecution and/or abuse of the bankruptcy process, that

Debtor be barred from filing any additional bankruptcy petitions for a time period of one

hundred eighty (180) days, and that this Court grant such other and further relief as it deems just

and proper.

Respectfully submitted,

/s/ Frank M. Pees by DTP
Frank M. Pees, Chapter 13 Trustee
130 East Wilson Bridge Road, Suite 200
Worthington, Ohio  43085-6300
(614) 436-6700
(614) 436-0190 (fax)
Trustee@ch13.org

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | : | Case No.: 15-52314 |
| | : | |
| Jerome E. Tuff | : | Chapter 13 Proceeding |
| | : | |
| Debtor. | : | Judge C. Kathryn Preston |

## NOTICE OF MOTION TO DISMISS

The Chapter 13 Trustee has filed papers with the court to dismiss this case with prejudice.

**Your rights may be affected.**  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  If you do not have an attorney, you may wish to consult one.

If you do not want the court to dismiss this case, then on or before **twenty-one (21) days from the date set forth in the certificate of service for the motion**, you must file with the court a response explaining your position by mailing your response by regular U.S. Mail to Clerk, U.S. Bankruptcy Court, 170 N. High Street, Columbus, OH 43215 OR your attorney must file a response using the court's ECF System.

The court must **receive** your response on or before the date above.

You must also send a copy of your response either by 1) the court's ECF System or 2) regular U.S. Mail to:

| | | |
|---|---|---|
| Frank M. Pees | United States Trustee | Jerome E. Tuff |
| Chapter 13 Trustee | 170 N. High Street, #200 | 1591 Ferris Road |
| 130 E. Wilson Bridge Road, #200 | Columbus, OH 43215 | Columbus, Ohio 43224 |
| Worthington, OH 43085 | | |

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief without further hearing or notice.

**If a response is filed within the time provided above**, **then a hearing will be held on June 19, 2015 at 1:00PM, at U.S. Bankruptcy Court 5th Floor, 170 N. High Street Courtroom B, Columbus, OH 43215.** If no response is filed within the time provided, **then no hearing will be held.**

Dated: April 29, 2015

/s/ Frank M. Pees by DTP
Frank M. Pees
Chapter 13 Trustee
130 E. Wilson Bridge Rd., #200
Worthington, OH 43085
(614) 436-6700

SERVE ALL PARTIES